IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TRESIE ANN CRAWFORD, | § |
| | § |
| Applicant, | § |
| | § |
| VS. | § NO. 4:08-CV-089-A |
| | § |
| NATHANIEL QUARTERMAN, Director, | § |
| Texas Department of Criminal | § |
| Justice, Correctional | § |
| Institutions Division, | § |
| | § |
| Respondent. | § |

O R D E R

Came on for consideration the above-captioned action wherein Tresie Ann Crawford ("Crawford") is applicant and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is an application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On February 3, 2009, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation ("FC&R"), and ordered that the parties file objections, if any thereto, by February 24, 2009. On February 23, 2009, Crawford filed her written objections. Respondent has not made any further response. In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a de novo determination of those portions of the proposed

findings or recommendations to which specific objection is made. United States v. Raddatz, 447 U.S. 667 (1980). The court is not addressing any nonspecific objections or any frivolous or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987); see also Edmond v. Collins, 8 F.3d 290, 293 n.7 (5th Cir. 1993).

The Magistrate Judge recommended that Crawford's application be denied. As categorized in the FC&R, Crawford's application asserts eight grounds for relief: (1) no evidence to support her conviction; (2) new evidence establishes that she is innocent; (3) denial of due process resulting from prosecutorial misconduct; (4) ineffective assistance of trial and appellate counsel; (5) obstruction of justice; (6) denial of the right to the compulsory process of witnesses; (7) refusal of the state court to provide her with a free copy of her trial transcript for preparation of state court application for writ of habeas corpus; and (8) cumulative effect of multiple trial court errors rendered her trial fundamentally unfair. As the Magistrate Judge discussed at length, Crawford is not entitled to relief on any of her claims.

The document Crawford submitted in response to the FC&R appears to address only the findings related to her claims of

ineffective assistance of trial and appellate counsel. Crawford specifically objects that on page eighteen, paragraph three of the FC&R, the Magistrate Judge refers to her son, Charles Fisher, Jr., as the "victim's" son in the following sentence:

> Defense counsel explained that he made a strategic choice not to use **Walker's** son as a defense witness.[1]

FC&R at 18 (emphasis added). In fact, there was no relation between the two men. This is plainly a typographical error, and it is apparent the sentence should have read "the defendant's son" instead. However, this error is irrelevant to the finding-- undisputed by Crawford--that her son was not in the apartment nor even alleged to have been with her at the time of the stabbing that led to her conviction, nor does it overcome the Magistrate Judge's conclusion that Crawford is entitled to no relief on her claims.

Crawford further objects to the statement on page seventeen, paragraph three of the FC&R, that a

> "defendant has no constitutional right to compel appointed counsel to press even non-frivolous points requested by the client if counsel, as a matter of professional judgment, decides not to present those points."

---

[1] Ardie Walker is the name of the man Crawford was convicted of killing.

3

FC&R at 17, citing Jones v. Barnes, 463 U.S. 745, 751 (1983). Although Crawford claims this statement violates her right to due process, she offers nothing in support of this conclusory assertion, nor any authority to contravene the Supreme Court's holding in Jones. This objection is also without merit.

The remainder of Crawford's objections consists of nothing more than her repeating, and in some cases, expanding, the factual assertions contained in her application for habeas relief. Crawford has adduced nothing that entitles her to relief on any of her claims.

Therefore,

The court accepts the findings, conclusions and recommendation of the Magistrate Judge, and ORDERS that the application of Tresie Ann Crawford for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

SIGNED March 16, 2009.

JOHN MCBRYDE
United States District Judge